IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY DWAYNE GUINN,

        Defendant.

Case No. 24-CR-131-JFH

## OPINION AND ORDER

Before the Court is an Opposed Motion to Take Judicial Notice ("Motion") filed by the United States of America ("Government"). Dkt. No. 24. Defendant Gregory Dwayne Guinn ("Defendant") filed a response in opposition. Dkt. No. 27. For the following reasons, the Government's Motion [Dkt. No. 24] is DENIED.

## BACKGROUND

On August 14, 2024, Defendant was charged by indictment with fourteen (14) counts. Dkt. No. 2. Thirteen (13) of these counts are premised on the Indian Country Crimes Act, also known as the General Crimes Act, 18 U.S.C. § 1152, and the Major Crimes Act, 18 U.S.C. § 1153. The case is currently set on the Court's January 6, 2025 jury trial docket. Dkt. No. 25.

Defendant was originally charged with the offense conduct in Okfuskee County District Court Case No. CF-2024-04. *Id*. at 1; Dkt. No. 24-1. That case was dismissed based on lack of subject matter jurisdiction following the state court's finding that the parties had stipulated that the offense occurred within Indian county and that Defendant had met the burden of proof as to his Indian status. Dkt. No. 24-1; 24-2. The Government's Motion attaches a copy of Defendant's motion to dismiss in the state court matter and the state court's order of dismissal. *Id*. Defendant's motion to dismiss includes two exhibits: a Certificate of Degree of Indian Blood for Defendant

dated April 10, 2024, and a map titled "The Muscogee Nation," which appears to be printed from www.muscogeenation.com. Dkt. No. 24-1 at 6-7.

## AUTHORITY AND ANALYSIS

### I. Judicial Notice

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of an adjudicative fact if it is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice at any stage of the proceeding and "must take judicial notice if a party requests it and the [C]ourt is supplied with the necessary information." *Id.* at (c) and (d). The Government asks the Court to take judicial notice that (1) that the offense occurred within Indian Country, and (2) that Defendant is an enrolled member of the Cherokee Nation and possesses a quantum of Indian blood. Dkt. No. 24.

### A.   Determination of Indian Country

First, the Government asks the Court to take judicial notice that the offense occurred in Indian country. Dkt. No. 24 at 2. The indictment in this matter sets forth that the offense conduct took place "within the Eastern District of Oklahoma, in Indian Country." Dkt. No. 2. The Government's Motion is slightly more specific, alluding that the offense occurred in Okfuskee County. Dkt. No. 24 at 2.

The Government argues that judicial notice is proper under Fed. R. Evid. 201 because "the population of the Eastern District of Oklahoma is aware that Eastern Oklahoma is considered Indian country." *Id.* This is simply not enough. The Government further argues that the Court may take judicial notice based on statements made in and exhibits attached to Defendant's state court motion. *Id.* Specifically, the Government is relying on Defendant's statement that

2

"Okfuskee County is [ ] located within the boundaries of the Creek Nation's reservation" and the map of the Muskogee Nation attached as an exhibit to the state court motion. *Id.*

A "district court can find, as a matter of law, a geographic area or particular location is Indian Country, and then instruct the jury to determine factually whether the offense occurred there." *United States v. Roberts*, 185 F.3d 1125, 1139-40 (10th Cir. 1999). The party seeking to invoke the jurisdiction of a federal court must demonstrate by a preponderance of the evidence that the case is within the Court's jurisdiction. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Government has not met its burden here. The Court notes that while it may take judicial notice of documents filed in other courts, it may not do so for the truth of the matter asserted in those documents, but rather only to establish the fact of such other litigation and filings. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-1362 (10th Cir. 2008); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020). In other words, while the Court may take judicial notice that Defendant filed a motion to dismiss in the state court case, it cannot take judicial notice of Defendant's statement in that motion that "Okfuskee County is [ ] located within the boundaries of the Creek Nation's reservation" for the truth of the matter.

Additionally, the map provided by the Government is of poor quality. Rather than creating and attaching its own map, the Government attached Defendant's state court motion which included a map as an exhibit. While the map purports to depict the Muscogee Nation, it does not

clearly indicate that Okfuskee County falls within the Muscogee Nation.[1]  For these reasons, the Court finds that the Government has failed to meet its burden and, therefore, the Court denies the Government's request to take judicial notice that the offense conduct occurred in Indian Country.[2]

### B. Defendant's Indian Status

Next, the Government urges the Court to take judicial notice of Defendant's Indian status. Dkt. No. 24 at 3.  Specifically, the Government asks the Court to take judicial notice that (1) Defendant has some Indian blood, and (2) is recognized as an Indian by a tribe or the federal government, because Defendant relied on these facts in his state court motion to dismiss.  *Id*.

The Government urges that Defendant indisputably has some degree of Indian blood as evidenced by the Certificate of Degree of Indian Blood attached as an exhibit to Defendant's state court filing.  *Id*. at 3.  Further, the Government, without any supporting case law, states that the two-factor test articulated in *United States v. Prentiss*, 256 F.3d 971, 974 (10th Cir. 2001) is "not necessary" in this case because "Defendant has already relied upon his Indian status to obtain dismissal of another criminal proceeding."  *Id*.

The Tenth Circuit has declared that the issue of whether Defendant is an Indian is an essential element of the offenses charged under 18 U.S.C. §§ 1152 and 1153.  *Prentiss*, 256 F.3d at 974.  This means that the Government must prove Defendant's Indian status beyond a reasonable doubt.  To find that Defendant is an Indian, the jury must make factual findings that Defendant "(1) has some Indian blood; and (2) is recognized as an Indian by a tribe or by the federal

---

[1]  As an aside, the Court notes that Okfuskee County covers a large area.  In this case, Defendant is accused of "discharging a firearm from a moving vehicle aimed at the occupants of his ex-girlfriend's residence."  Dkt. No. 24 at 1.  Under these circumstances, it seems that a more specific location, such as an address or cross streets, would be appropriate.

[2]  The Court notes, however, that it would entertain a request to take judicial notice if provided with the proper support for such a request.

4

government." *Id.* at 1280 (internal quotations and citations omitted). To determine whether Defendant is recognized as an Indian by a tribe or by the federal government, the jury may consider the following factors: "1) enrollment in a federally recognized tribe; 2) government recognition formally and informally through receipt of assistance reserved only to Indians; 3) enjoyment of the benefits of tribal affiliation; and 4) social recognition as an Indian through living on a reservation and participating in Indian social life." *United States v. Nowlin*, 555 Fed. Appx. 820, 823 (10th Cir. Feb. 19, 2014) (internal citations and quotations omitted) (not published).

As explained above, while the Court may take judicial notice of documents filed in other courts, it may not do so for the truth of the matter asserted in those documents. *See Amphibious Partners,* 534 F.3d at 1361-1362; *Tal,* 453 F.3d at 1264 n.24; *Johnson*, 950 F.3d at 705. Therefore, contrary to the Government's assertion, the Court may not take judicial notice of statements regarding Defendant's Indian status made in his state court motion for the truth of those statements.[3] The Government will be required to prove this element at trial consistent with the *Prentiss* test.[4] For these reasons, the Court denies the Government's request to take judicial notice of Defendant's status as an Indian.

---

[3] The Court notes that it may take judicial notice of facts indicating Defendant has, "with counsel before a Court, previously admitted under oath and under penalty that he is an Indian person." *See Nowlin*, 555 Fed. Appx. at 824. However, in order to do so, the Court must be supplied with information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such as, for example, a hearing transcript. Fed. R. Evid. 201. As explained, the Court has not been supplied with sufficient information here. The Court further notes that the issue of judicial estoppel may arise should Defendant take the position that he does meet the qualifications for Indian status at trial. *See United States v. Villagrana-Flores*, 467 F.3d 1269, 1278 (10th Cir. 2006).

[4] Indeed, the Government indicates that should the case progress to trial, it "will present a fact witness regarding Defendant's tribal enrollment, blood quantum, and membership." Dkt. No. 24 at 2.

## II.     Full Faith and Credit Act

Finally, the Government argues that under the Full Faith and Credit Act, the Court should find that Defendant's Indian status and a determination of Indian country have already been judicially determined by the Okfuskee District Court and give full faith and credit to that state court determination.  Dkt. No. 24 at 3-4.

Under the Full Faith and Credit Act, a federal court must give full faith and credit to the judgment of a state court.  28 U.S.C. § 1738; *see also Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183 (1941).  However, a judgment was never issued in the state court case here as it was dismissed for lack of subject matter jurisdiction.  Dkt. No. 24-2.  The Full Faith and Credit Act is not applicable.

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's Opposed Motion to Take Judicial Notice [Dkt. No. 24] is DENIED.

DATED this 15th of October 2024.

                                                                                    _____
                                                                                    JOHN F. HEIL, III
                                                                                    UNITED STATES DISTRICT JUDGE